UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

ROBERTO PAGUAGA,

    Plaintiff,

vs.

PINNACLE ONE PRICE DRY CLEANING OF
DAVIE, LLC d/b/a PINNACLE CLEANERS, a Florida
Limited Liability Company, and ERIC DRAUDT, individually,

    Defendants.
_____/

## COMPLAINT AND JURY TRIAL DEMAND

Plaintiff ROBERTO PAGUAGA, through undersigned counsel, sue Defendants PINNACLE ONE PRICE DRY CLEANING OF DAVIE, LLC d/b/a PINNACLE CLEANERS ("PINNACLE"), and ERIC DRAUDT, individually ("DRAUDT"), and allege as follows:

1. This is an action for unlawful failure to pay overtime compensation as required by the federal Fair Labor Standards Act, 29 U.S.C. § 207(a) ("FLSA"), and its implementing regulations. This is also an action for state common law breach of contract for failure to pay earned wages.

2. This Court has jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. §1331, and the provisions of the FLSA, 29 U.S.C. § 216(b). This Court also has supplemental jurisdiction over Plaintiffs' non-federal, state common law breach of contract claim pursuant to 28 U.S.C. §1367(a).

3. Venue is proper in this Court as all actions complained of herein occurred in the Southern District of Florida.

4. Plaintiff at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and are *sui juris*.

5. Defendant PINNACLE is, and at all relevant times was, a Florida for-profit corporation authorized to do business, and doing business in Miami-Dade County, Florida. PINNACLE is, and at all relevant times was, a dry cleaning service, and based on information and belief had annual gross revenues in excess of $500,000 per year.

6. Upon information and belief, Defendant DRAUDT is, and at all relevant times has been, a resident of Broward County, Florida, and is *sui juris*. At all relevant times, DRAUDT was and still is the owner, operator, and the President of PINNACLE, was an agent of PINNACLE, acted in the course and scope of her employment and agency as owner, operator, and President of PINNACLE with regard to Plaintiff, and oversaw, supervised, and controlled the day-to-day operations of PINNACLE. Upon information and belief, DRAUDT has run and overseen the day-to-day operations of PINNACLE.

7. At all relevant times PINNACLE was and still is an "employer" under the FLSA for purposes of enterprise coverage in that it was an enterprise that had two or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and based on information and belief had gross annual revenues of not less than $500,000. In addition, DRAUDT was at all relevant times, and still is, a statutory "employer" under the FLSA in that he acted, directly or indirectly, on behalf of PINNACLE in relation to Plaintiff, and regularly exercised authority to hire and fire employees of PINNACLE, determined the work schedules of employees of PINNACLE, set the rates of pay and compensation for employees of PINNACLE, controlled the finances and operations of PINNACLE, and oversaw, supervised, and controlled the day-to-day operations of PINNACLE.

8. At all times during his employment with Defendants, Plaintiff was a non-exempt employee who regularly worked over 40 hours in one or more work weeks.

9. Plaintiff was employed by Defendants from approximately June of 2015 until on or about August 9, 2019, during the relevant period of Plaintiff's employment and until he was terminated on or about August 9, 2019, Plaintiff was supposed to be paid at a regular hourly rate of $18.75 based on a 40-hour work week, plus overtime.

10. Plaintiff regularly worked over 40 hours in one or more of the work weeks he worked, but was not paid the required time and one-half his regular hourly rate for all overtime hours he worked. Plaintiff estimates that he worked on a weekly basis between 3 to 14 overtime hours per week for which he received no overtime payment.

11. Plaintiff was routinely required to work 5 days a week for approximately 8 to 12 hours per day.  For the approximately 156 relevant weeks Plaintiff worked (within the last 3 year period) immediately preceding the filing of this lawsuit, Plaintiff estimates that he worked between 3 to 14 overtime hours per week, for an estimated total of 408 and 1904 overtime hours. At an overtime time rate of $28.12 per hour which includes the $9.35 in overtime half time. Plaintiff estimates that he is owed a total overtime amount of $11,472.96  and $53,540.48 plus an equal amount  in liquidated damages as provided by the FLSA.

12. For over a 2 year period, Plaintiff routinely complained to DRAUDT about not being paid correctly for his overtime hour, and DRAUDT, on behalf of PINNACLE, verbally informed Plaintiff that PINNACLE "did not pay any overtime, only a salary".  Pursuant to and in furtherance of this policy and practice, Defendants failed to pay Plaintiff any overtime half time during his entire period of employment.

13. Plaintiff has kept some but not all of his pay records, but the complete records of the compensation actually paid to Plaintiff and the time Plaintiff worked are, or should be, in the possession, custody, and control of Defendants.  Upon information and belief, however, Defendants have failed to properly keep and maintain all the required records of hours worked and wages paid to Plaintiff and other employees per the record-keeping requirements of the FLSA and based on information and belief may have altered those records to intentionally deprive Plaintiff of overtime wages.

14. All conditions precedent to the filing of this action have been satisfied, waived, or otherwise excused.

15. Plaintiff has hired the undersigned law firm to represent him in this case and has agreed to pay the firm a reasonable fee of $425.00 per hour for its services.

### **COUNT I – UNPAID OVERTIME VIOLATION OF FLSA**

16. Plaintiff re-alleges paragraphs 1 through 15 as if set forth fully herein.

17. Under the FLSA, Defendants were obligated to pay Plaintiff time and one-half of his regular hourly pay rate for all hours worked in excess of 40 hours per work week.  Plaintiff worked in excess of 40 hours per work week in one or more weeks, but was not paid the full time and one-half his regular hourly rate of pay for the overtime hours he worked, as required by the FLSA.

18. Defendants have failed and refused to pay Plaintiff the required full time and one-half his regular hourly rate for each work week in which he worked overtime hours in excess of 40 hours per work week, in violation of the FLSA overtime requirements of 29 U.S.C. §207(a).

19. As a direct and proximate result of Defendants' violations of the FLSA, Plaintiff has suffered damages equal to the extra time and one-half his regular hourly rates, for all hours

worked in excess of 40 hours per work week, plus double that amount in liquidated damages as provided by the FLSA. Plaintiff's estimated unpaid overtime is alleged in paragraphs 11 and 12 above.

20. Defendants engaged in their overtime pay violations under the FLSA willfully, intentionally, and in reckless disregard of Plaintiff's rights under the law.

21. Plaintiff is also entitled to recover his costs, expenses, and reasonable attorney's fees under the FLSA.

22. Inasmuch as Defendants – in particular DRAUDT – admitted to owing Plaintiff for the overtime hours he had worked, as evidenced by the verbal agreement and payments that were made thereunder that acknowledged the overtime debt and obligation, Defendants' failure to pay Plaintiff for his overtime was willful.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, for the following relief:

A. A declaration that Defendants are in willful violation of the FLSA by failing to pay Plaintiff all due overtime compensation during the period within the three-year period preceding the filing of this lawsuit;

B. An award to Plaintiff of all unpaid overtime as required under the FLSA,

C. An award to Plaintiff of liquidated damages equal in amount to the unpaid overtime award,

D. An award to Plaintiff of all costs, expenses, and reasonable attorney's fees incurred in this case, and

E. Such further relief as the Court deems just and equitable.

## COUNT II – UNLAWFUL RETALIATION IN VIOLATION OF THE FLSA

23. Plaintiff re-alleges paragraphs 1 through 14 as if set forth fully herein.

24. The FLSA makes it unlawful to retaliate against an employee who has complained about violations of the FLSA.

25. Plaintiff engaged in protected activity under the FLSA when he complained to his supervisor DRAUDT and management at PINNACLE that, among other things, he had not been paid for all the hours he worked, including overtime pay.

26. In response to and retaliation for Plaintiff's internal complaints, Plaintiff was unfairly and unjustifiably terminated from his job on August 9th 2019.

27. Defendants' conduct in terminating Plaintiff in retaliation for his internal complaints constitutes unlawful retaliation in violation of the FLSA, §215(a)(3).

28. As a direct and proximate result of Defendants' retaliation, Plaintiff has suffered damages in the past, and will continue to suffer damages into the future, including lost back pay and compensatory damages, including damages for emotional distress, humiliation and loss of dignity.

29. Defendants engaged in their retaliation willfully, intentionally, and in reckless disregard of the rights of Plaintiff under the law.

30. Plaintiff is entitled to recover her costs, expenses, and reasonable attorney's fees under the FLSA.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for all lost back pay, front pay for a reasonable period, compensatory damages, liquidated damages, interest, costs, expenses, attorney's fees, and such further relief as the Court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury of all issues so triable.

DATED: June 30th, 2020

                                             **LAW OFFICE OF PELAYO DURAN, P.A.**
                                             Counsel for Plaintiff
                                             4640 N.W. 7th Street
                                             Miami, FL 33126-2309
                                             T. 305/266-9780
                                             305/269-8311 (Facsimile)

                                             By *s/ Pelayo M. Duran*
                                                     PELAYO M. DURAN
                                                     Fla. Bar No. 0146595