UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-22694-Civ-WILLIAMS/TORRES

ROBERTO PAGUAGA,

    Plaintiff,

v.

PINNACLE ONE PRICE DRY CLEANING
OF DAVIE, LLC d/b/a PINNACLE CLEANERS,
ERIC DRAUDT, and GALINA DRAUDT,

    Defendants.
_____/

## REPORT AND RECOMMENDATION ON PLAINTIFF'S RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT

This matter is before the Court on Roberto Paguaga's ("Plaintiff") renewed motion for partial summary judgment against Eric Draudt, Galina Draudt, and Pinnacle One Price Dry Cleaning of Davie, LLC d/b/a/ Pinnacle Cleaners ("Pinnacle"). [D.E. 41]. On April 14, 2021, Defendants responded to the renewed motion [D.E. 47] to which Plaintiff replied on April 21, 2021 [D.E. 54]. Therefore, the renewed motion is now ripe for disposition.[1] After careful consideration of the motion, response, reply, relevant authority, and for the reasons discussed below, the motion should be **DENIED**. Defendants' motion for leave to file a sur-reply [D.E. 57] should therefore be **DENIED** as moot.

---

[1] The Honorable Kathleen M. Williams referred the renewed motion to the Undersigned for disposition on April 22, 2021. [D.E. 56].

1

## I.     FACTUAL BACKGROUND

This is an unpaid overtime and unlawful retaliation action brought under the Fair Labor Standards Act ("FLSA").  Plaintiff claims that he was employed by Defendants and they failed to pay him approximately 3 to 14 overtime hours per week for 156 weeks.  Plaintiff's initial motion for partial summary judgment was stricken on March 29, 2021 for failing to follow Local Rule 56.1 by not providing any statement of material facts.  [D.E. 40].  In Plaintiff's renewed motion, he seeks a ruling that (1) Pinnacle is liable for violations of the FLSA's overtime and recordkeeping provisions, (2) Plaintiff is due overtime wages of one-and-one half times his regular hourly rate for each overtime hour working on behalf of Pinnacle, (3)  Plaintiff is entitled to attorneys' fees and costs against Pinnacle, and (4) the burden-shifting analysis articulated in *Anderson v. Mr. Clemens Pottery Co.*, 328 U.S. 680 (1946) should apply at trial in determining damages.

## II.     LEGAL STANDARD

A court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). On summary judgment the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *See Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 597 (1986) (quoting another source).

In opposing a motion for summary judgment, the nonmoving party may not rely solely on the pleadings, but must show by affidavits, depositions, answers to interrogatories, and admissions that specific facts exist demonstrating a genuine issue for trial. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The existence of a mere "scintilla" of evidence in support of the nonmovant's position is insufficient; there must be evidence on which the jury could reasonably find for the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). "A court need not permit a case to go to a jury . . . when the inferences that are drawn from the evidence, or upon which the non-movant relies, are 'implausible.'" *See Mize v. Jefferson City Bd. Of Educ.*, 93 F.3d 739, 743 (11th Cir. 1996) (citing *Matsushita*, 475 U.S. at 592-94).

At the summary judgment stage, a court's function is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. In making this determination, the court must decide which issues are material. A material fact is one that might affect the outcome of the case. *See id.* at 248 ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not

be counted."). "Summary judgment will not lie if the dispute about a material fact is genuine, that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

### III. ANALYSIS

The FLSA requires an employer to pay an employee "an overtime wage of one and one-half times his regular rate for all hours he works in excess of forty hours per week." *See Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011); *see also* 29 U.S.C. § 207(a). A plaintiff who has worked overtime without pay may bring a private FLSA action for damages. *See* 29 U.S.C. § 216(b). An unpaid-overtime claim has two elements: (1) an employee worked unpaid overtime, and (2) the employer knew or should have known of the overtime work. *See Allen v. Bd. of Pub. Educ. for Bibb Cnty.*, 495 F.3d 1306, 1314-15 (11th Cir. 2007). "Although a FLSA plaintiff bears the burden of proving that he or she worked overtime without compensation, . . . [i]t is the employer's duty to keep records of the employee's wages, hours, and other conditions and practices of employment." *Id.* "[I]f an employer has failed to keep proper and accurate records and the employee cannot offer convincing substitutes," then "an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Id.* at 1315-16 (quotation marks omitted).

Plaintiff first argues that there is no dispute that he is a non-exempt hourly employee based on a few inconsistent time entries and the way his job was described

4

in a few different human resource documents. However, while Plaintiff provided a "statement of material facts" this time, he woefully supported it with specific citations to the record and created a mire of his attached exhibits. Plaintiff's arguments thus fail at the outset. For instance, portions of certain exhibits are imbedded and jumbled together within the renewed motion violating the Local Rules. Second, the exhibits consist of over three hundred pages with much of the pages being only barely legible time entries. Third, Plaintiff mostly cites to the exhibits in general with only a few specific citations that proport to show relevant evidence. And for the few specific citations he does provide, the corresponding information cannot be easily found in the illegible document. Fourth, the second page of what looks to be Exhibit A contradicts Plaintiff's own argument as the document states that Plaintiff was a salaried employee to be paid $700 weekly. Fifth, Plaintiff completely fails to properly label the exhibits or use exhibit page numbers making it almost impossible for the Court to tell precisely which exhibit is which.

Plaintiff tries to remedy this confusion in his reply by stating:

> Because the Renewed Motion consisted of 349 pages, it had to be scanned and uploaded the (sic) document by (sic) way in several separate batches consisting of DE #41 (107) pages, DE #41-1 (72 pages) DE #41-2 (71 pages), and DE #41-2 (99 pages). The end result of these technical difficulties was that Exhibit "B" (entitled Register Reports) which actually begins on Page 21 of DE#41 and does not end until Page 45 of DE#41-1 appeared out of order on the docket.

[D.E. 54]. This delinquent attempt by Plaintiff to try and clear things up goes on for a few more sentences but it only makes things murkier.

We are "under no independent obligation to rummage through the . . . exhibits submitted . . . in search of some excerpt that might bolster [Plaintiff's] point." *Shaw v. City of Selma*, 241 F. Supp. 3d 1253, 1280 (S.D. Ala. 2017), *aff'd*, 884 F.3d 1093 (11th Cir. 2018) (citing Rule Fed. R. Civ. P. 56(c)(3) (nothing that on summary judgment, "[t]he court need consider only the cited materials"); *Longmire v. City of Mobile, Alabama*, 2016 WL 6403327, at *1 n.1 (S.D. Ala. Oct. 26, 2016) ("Courts have frowned on the all-too-prevalent litigation practice of stuffing a record with exhibits and leaving it to the court to sift through an undifferentiated mass of uncited materials in search of facts that might help one side or the other.")). Because Plaintiff does not reference specific evidence in the record and thus the arguments presented are conclusory and generic, Plaintiff's renewed motion for partial summary judgment may be denied on this basis alone.

Putting aside that inadequacy, Plaintiff's motion fails for an entirely separate reason because there is conflicting evidence in the record on whether Plaintiff was an exempt employee. Eric Draudt testified, for example, that Plaintiff was a salaried employee because he arguably had management duties:

> Q: And why is it, sir, that you don't have the hours that Mr. Paguaga worked each day and each work week?
>
> A: Because Mr. Paguaga was not an hourly employee. He was not an exempt, a non-exempt employee. He was a production manager/spotter, and the contact that I had with him when we agreed to engage him originally was spelled out specifically what his job requirements were and his compensation was.
>
> Q: Okay.

> A: He was originally supposed to be paid $700 a week, and I hold him if you prove your merits, it will go to $750, and by the conclusion of the week, predicated upon his interactions, he was placed at $750 a week.

[D.E. 39, Pg. 40 lines 10-24]. Further, some of the evidence that Plaintiff presents to show that Plaintiff had no management duties, namely the deposition of Jeff Conley, is brought up for the first time in his reply, not in his renewed motion. We thus do not consider this improperly referenced evidence. While Plaintiff presents some proper evidence that he only completed unskilled tasks not related to management, the Court's duty is not to weigh this evidence, it's the jury's duty. *See Anderson*, 477 U.S. at 249.

Ultimately, we cannot decide the other questions presented on the renewed motion for summary. To begin with, because there is a genuine dispute if Plaintiff was an exempt or non-exempt employee, Pinnacle possibly did not need to keep his hourly time records. *See* 29 C.F.R. §512.2 (only requiring certain records kept for employees eligible for overtime). And obviously, a finding that Defendants are liable for overtime wages and for Plaintiff's attorneys' fee and costs are not appropriate at this stage. Last, the application of the burden-shifting framework under *Anderson* is premature because – even if Plaintiff should have been an hourly employee and Defendants failed to keep adequate time records – there are genuine issues of material fact as to whether Plaintiff can establish that he performed work for which he was improperly compensated. If Plaintiff meets his burden at trial, he may renew

his argument that this framework applies and its relevance to his entitlement to damages.[2]

Accordingly, Plaintiff's motion should be **DENIED** because there are genuine issues of material fact as to whether Plaintiff was an exempt or non-exempt employee. Defendant's motion for leave to file a sur-reply [D.E. 57] should therefore be **DENIED** as moot.

## IV. CONCLUSION

For the foregoing reasons, we **RECOMMEND** that Plaintiff's renewed partial motion for summary judgment [D.E. 41] should be **DENIED**. Defendants' motion for leave to file a sur-reply [D.E. 57] should therefore be **DENIED** as moot.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the Honorable Judge Kathleen M. Williams. Failure to timely file objections shall bar the parties from *de*

---

[2] Under the FLSA, an employee has the initial burden of establishing "the hours he claims to have worked and the work he claims to have performed for which he was not paid." *McLaughlin v. Murphy*, 436 F. Supp. 2d 732, 737 (D. Md. 2005), *aff'd*, 247 F. App'x 430 (4th Cir. 2007). The framework Plaintiff seeks to apply provides that where an employer does not have exact records of an employee's hours, an employee carries his burden "if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Anderson*, 328 U.S. at 687. Once the employee has sustained his burden, the burden then shifts to the employer to negate the inference drawn from the plaintiff's evidence. *See Whittaker v. David's Beautiful People, Inc.*, 2016 WL 429963, at *11 (D. Md. Feb. 4, 2016) (citing *McLaughlin*, 436 F. Supp. 2d at 737). If the employer fails to negate the inference and it does not have accurate records, the Court "may then award damages to the employee, even though the result be only approximate." *Anderson* 328 U.S. at 688.

*novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Comm'r of Social Sec.,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 15th day of June, 2021.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge