UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-22694-CIV-KMW

ROBERTO PAGUAGA,

        Plaintiff,

vs.

PINNACLE ONE PRICE DRY CLEANING
OF DAVIE, LLC d/b/a PINNACLE
CLEANERS, a Florida Limited Liability
Company and ERIC DRAUDT, individually,
and GALINA DRAUDT, individually,

        Defendants.
_____/

### ORDER GRANTING PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGMENT, AWARDING LIQUIDATED DAMAGES AND DENYING DEFENDANTS' MOTION FOR JUDGMENT NOTWITHSTANDING VERDICT AND MOTION FOR REMITTITUR

THIS MATTER is before the Court on Plaintiff's Motion for Entry of Final Judgment in Accordance with the Jury Verdict and Reserving Ruling on Fees and Costs [DE-111] and Defendants' Motion for Judgment Not Withstanding the Verdict and Motion for Remittitur [DE 110]. Upon due consideration of the motions, Defendants' Motion will be denied and Final Judgment will be entered in Plaintiff's favor. In addition, Plaintiff's request for an award of liquidated damages is granted and Plaintiff will be awarded an equal amount in liquidated damages, for a total award of $6637.50.   Final Judgment will be entered by way of separate order.  The Court reserves jurisdiction to entertain Plaintiff's Motion for Attorney's Fees and Costs for thirty (30) days from the date of this Order.

    I. Background

Plaintiff Roberto Paguaga's ("Paguaga") Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") claims for failure to pay overtime (Count One) and for retaliation (Count Two) were tried to a

jury between July 26-30, 2021. At trial, Plaintiff testified regarding overtime that he worked while working at Pinnacle One Price Dry Cleaning of Davie ("Pinnacle").  Plaintiff also submitted a duplicate set of timecards to evidence 119 hours and forty (40) minutes of overtime he worked during twenty weeks in 2019.[1]  The jury returned a verdict in favor of the Plaintiff as to Count One and awarded him $3,318.75 for unpaid overtime wages. As to Count Two—the retaliation claim, the jury found for the Defendants.  The jury also found that Defendants failed to maintain adequate records as required by the FLSA but found that Defendants did not know or show reckless disregard as to whether the FLSA prohibited their conduct [DE 104 at 2, 3].

Defendants move for judgment notwithstanding the verdict and seek a remittitur contending that the evidence at trial did not support the jury's verdict.  Conversely, Plaintiff seeks entry of Final Judgment consistent with the jury's verdict.  At the Court's request, the Parties briefed the issue of whether Plaintiff is entitled to an award of an equal amount of liquidated damages as provided for in § 216(b) of the FLSA.

II.  <u>Defendants' Motion for Judgment Notwithstanding Verdict</u>

Following a five-day trial, the Jury found that Plaintiff worked a total of 354 overtime hours for which he was not compensated [DE 104 at 2].  Defendants contend that the Jury's calculation exceeds the amount established by the evidence and assert that Plaintiff provided no testimony as to the number of overtime hours he worked. Defendants argue that the duplicate time records kept by Plaintiff were the only overtime evidence presented at trial.  Because those records only reflect that Plaintiff worked 119 hours and 40 minutes of uncompensated overtime, Defendants request that judgment be entered in their favor on the overtime claim, or that a remittitur be applied to reduce the jury's award to $1119.38, to correspond to those hours.  Plaintiff counters that because Defendants failed to maintain

---

[1] Plaintiff testified that beginning sometime in 2019, he would punch two timecards, keeping a set of timecards for himself, to track his overtime work hours.

timecards as required by the FLSA, Plaintiff was only able to provide a representative sampling of the overtime hours through the duplicate time cards that he kept over a period of six (6) months.

To establish a claim for a violation under the FLSA, a plaintiff must show that he performed work for which he was not properly compensated. *Rafferty v. Denny's, Inc.*, 13 F 4th 1166, 1190 (11th Cir. Sept. 21, 2021) (citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686-87 (1946), superseded by statute on other grounds, Portal-to-Portal Act of 1947; *Allen v. Board of Public Educ. for Bibb County*, 495 F.3d 1306, 1315 (11th Cir. 2007). It is the duty of the employer—not the employee—to keep track of the employee's "wages, hours, and other conditions of employment." *Id. citing Allen,* 495 F. 3d at 1315. Thus, when an employer fails to maintain time records, denying a plaintiff's claim simply because that employee cannot produce time records would reward an employer's failure to comply with its statutory duty to maintain proper records. *Id*.  So even if an employee does not have documentation of the precise number of hours worked, his burden is satisfied if he proves that he has in fact performed work for which he was improperly compensated *and* if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. *Id.* (citation omitted). The burden then shifts to the employer to produce either evidence of the specific amount of work the employee performed or evidence that tends to refute the reasonableness of the inference the employee asks the jury to draw from the evidence. *Id. citing Allen,* 495 F.3d at 1316. If the employer fails to satisfy this production burden, the court may award damages to the employee, even if the award represents an estimation. *Id*.

Here, evidence, in the form of timecards and Plaintiff's testimony, support the jury's overtime calculation.  Plaintiff testified that except for three weeks, he worked as a cleaner and spotter at Pinnacle Dry Cleaners between 2015 until August 2019 [DE 114-1 at 6-7, 10].  On cross-examination, he testified that he never missed a day while working at Pinnacle [DE 114-1 at 53-54].  He further testified that after he asked to be paid for additional hours he was working, he began punching two timecards,

one for the employer and one for himself [DE 114-1 at 110].  According to Paguaga, once he began keeping double timecards, he discovered that he was working 50 hours a week [DE 114-1 at 12].  In addition, at trial, after reviewing the duplicate set of timecards he kept, Plaintiff testified as follows:

> Q:  So, by looking at these cards, sir, did you—were you able to figure out if you were working overtime or if you were not working overtime while working at Pinnacle?
>
> A: Yes.
>
> Q: And can you tell the ladies and gentlemen of the jury, based on these cards, more or less, how many hours of overtime you were working on some of the weeks that you worked at Pinnacle?
>
> A: Some weeks, from 10 to 12 hours.

[DE 114-1 at 24-25].  Plaintiff then reviewed timecards for the week of May 22, 2019 and testified that he had worked about 48 hours that week [DE 114-1 at 27].  He then testified:

> Q: . . . Would you say that the cards that we're looking at are representative of, more or less, the number of hours that you worked at Pinnacle Dry Cleaner?
>
> A:  It represents part of them.
>
> Q:  And can we, generally speaking, assume, more or less, that this was what you doing during your whole employment there between 2017 and 2019?  I understand you don't have all of the cards.
>
> A: More or less.

[DE 114-1 at 32-33].  Defendants concede that Plaintiff worked for Pinnacle in 2017, 2018 and 2019 for $750.00 a week, and further concede that Plaintiff presented evidence through duplicate timecards that between the period of March 2019 and August 2019, he worked 119 overtime hours for which he was not paid.  As such, Plaintiff established an FLSA claim for unpaid overtime wages, and thus Defendants are not entitled to judgment in their favor on Count One.

Further, the Verdict Form reflects that the jury awarded Plaintiff 354 overtime hours for the two-year time period between June 30, 2018 and June 30, 2020 [DE 104 at 2].[2] Given that the time cards submitted to the jury reflect that Plaintiff worked 119 overtime hours for a six-month period, 354 overtime hours falls within a reasonable estimate of Plaintiff's overtime for the entire two year period.[3] Because Defendants destroyed the time cards for the other weeks that Plaintiff worked, there is no documentation of overtime hours worked for those weeks not captured in the duplicate time cards. Thus, Defendants failed to negate the inferences from the timecards that Plaintiff worked approximately 119 overtime hours of overtime each six-month period of his employment, and thus failed to demonstrate that the jury' verdict was not a reasonable estimation of the amount overtime work Plaintiff performed.  The jury's determination that Defendants' FLSA violation was not willful has no bearing on the jury's overtime owed calculation.   Similarly, a remittitur of the jury's verdict is not warranted as the greater weight of evidence supports the jury's reasonable estimation of the number of overtime hours Plaintiff worked and the amount of overtime pay due to Plaintiff.

Accordingly, Defendant's Motion for Judgement Notwithstanding Verdict and Motion for Remittitur are denied.

II.  Plaintiff's Request for Liquidated Damages

Any employer who violates the FLSA by failing to pay overtime compensation is liable "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). However, a court has the discretion to reduce or eliminate liquidated damages if the "employer shows to the satisfaction of the court that

---

[2] The jury correctly calculated Plaintiff's overtime compensation rate at $9.375/hr. (based on Plaintiff's $750.00 wk/salary ÷ 40 hours =$18.75/hr) and awarded Plaintiff $3318.75 in unpaid overtime, (reflecting 354 overtime hours x $ 9.375/hr).  Defendants do not challenge the jury's calculation or the overtime rate.

[3] Defendant Draudt, the owner of Pinnacle, testified that certain times of the year were slower than others, with April through May being the busiest time of the year.  Thus, the jury's award of less than 119 and 40 minutes of overtime for each six-month period is consistent with Defendant Draudt's testimony.

the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation" of the FLSA. 29 U.S.C. § 260.

The FLSA "assigns to the judge the role of finding whether the employer acted in subjective and objective good faith for liquidated damages purposes." *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1163 (11th Cir. 2008). Once a jury finds that the employer violated the FLSA, the "district court generally must add an award of liquidated damages in the same amount." *Id.* The burden is on the employer to show entitlement to the good faith defense that would reduce or eliminate an award of liquidated damages. *Rodriquez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1272 (11th Cir. 2008).[4] The good faith defense has a subjective and objective component. *Dybach v. Florida Dep't of Corrections*, 942 F.2d 1562, 1566-67 (11th Cir. 1991). The subjective component is satisfied when the employer shows "an honest intention to ascertain what the FLSA requires and to act in accordance with it." *Friedman v. S. Fla. Psychiatric Assocs.*, 139 Fed. Appx. 183, 185 (11th Cir. 2005) (citing *Dybach*, 942 F.2d at 1566). The employer satisfies the objective component by showing that it "had reasonable grounds for believing its conduct comported with the FLSA." *Id.*

In this case, although the jury did not find that Defendants knew or recklessly disregarded whether they engaged in FLSA-prohibited conduct, Defendants have not met their burden of establishing that their failure to pay Plaintiff required overtime was done in good faith. As to subjective good faith, there is little evidence that Pinnacle's owner, Erik Draudt, who holds a bachelor's degree in finance and risk management, honestly attempted to ascertain what the FLSA required and to act in

---

[4] Defendants argue that because the jury found that Defendants' FLSA violation was not willful, this determination should be controlling as to whether Plaintiff is entitled to liquidated damages [DE 119 at 1-2]. However, good faith is a determination by the court, not the jury. *Alvarez Perez*, 515 F.3d at 1163. If the jury did find willfulness, that would preclude a court from finding good faith by defendants. *Id.* But, even if the jury specifically found against willfulness, a court may still find that defendants did not meet their burden in showing they acted in good faith. *Rodriquez v. Farm Stores Grocery, Inc.*, 518 at 1274.

accordance with those requirements.[5] Mr. Draudt testified that he did not conduct any independent research, beyond what he already knew, to determine whether a spot cleaner earning $750.00 a week qualified as an FLSA exempt employee. Nor is there any evidence that Mr. Draudt consulted with Pinnacle's CPA. Rather, once Defendants labeled Mr. Paguaga as "in-charge" of the production side of the facility, it appears no further inquiry was made as to whether Plaintiff was FLSA exempt. On this point, Mr. Draudt concedes that if the Plaintiff had complained, Mr. Draudt would have asked what Mr. Paguaga was talking about because they had a clear understanding as to what Mr. Paguaga was being paid, what he was supposed to be doing and how he was paid. When questioned about why the DSK-generated payroll records classified Mr. Paguaga as "non-exempt", Mr. Draudt indicated that it was a "misclassification."[6] There is no evidence that Mr. Draudt conducted any additional research at that point or sought a legal opinion or advice about that "misclassification", or to confirm that his FLSA classification of Mr. Paguaga was correct. In fact, Mr. Draudt testified that he was not aware that the payroll company's contract assigned the "Client", *i.e.* Pinnacle, the responsibility of designating FLSA exempt and non-exempt employees and to verify that the information was accurate and in compliance with the requirements of the FLSA.

Similarly, Defendant Draudt stated that he was unaware that he was required to maintain time records in compliance with the FLSA, again demonstrating his failure to research Defendants' FLSA obligations. "Good faith requires some duty to investigate potential liability under FLSA." *Barcellona v. Tiffany English Pub, Inc.*, 597 F.2d 464, 469 (5th Cir. 1979). Simply put, Mr. Draudt undertook few or no

---

[5] Defendants contend that Mr. Draudt testified that he reviewed wage and hour materials to determine Plaintiff's FLSA classification. This contention is not supported by Mr. Draudt's testimony. Rather, in the rough trial transcript, Mr. Draudt's statement closest to this contention was when he was asked whether he did any type of research about exempt and nonexempt employees and he responded that to the extent that he knew what the financial requirements were, he knew that Mr. Paguaga had to be an actual supervisor and not a supervisor in name only.

[6] DSK is a company the provided human resource and payroll services to Pinnacle.

steps to ensure that Defendants' conduct comported with the FLSA, and thus Defendants have not demonstrated subjective good faith in this case.

For many of the same reasons, Defendants have failed to demonstrate their objective basis for believing that they were in compliance with the FLSA. To demonstrate objective good faith, Defendants must have reasonable grounds for believing that their acts or omissions were not a violation of the FLSA. *Spires v. Ben Hill County*, 980 F.2d 683, 689 (11th Cir. 1993) (quoting 29 U.S.C. § 260). Mr. Draudt testified that he believed that Mr. Paguaga was FLSA exempt because as the "spotter" he ran the production side of the plant, told the pressers what to do, had input for hiring and firing, and was able to set his own hours by being permitted to leave once all his work for the day was completed. Mr. Draudt described Mr. Paguaga as the person with the most important position at Pinnacle. However, on cross-examination, Mr. Draudt testified that Mr. Paguaga only recommended that Mr. Draudt hire Mr. Paguaga's wife and one other woman. Mr. Draudt confirmed that over 20 employees were hired between 2017-2019 and conceded that Mr. Paguaga had nothing to do with any terminations that occurred during that time. Mr. Draudt also explained that Mr. Paguaga, who was not paid during a period when the store was closed due to a hurricane, was required to punch a time clock. The Defendants also failed to offer any evidence that Plaintiff oversaw the working conditions of other employees, beyond that necessary to complete the cleaning, spotting and pressing of the clothing.

The Court is free to assess the credibility of a witness when determining whether subjective good faith is met. *Quarles v. Hamler*, 652 Fed. Appx. 792, 795 (11th Cir. 2016) (deferring to district court's credibility determination in concluding employer did not act in good faith after jury found no reckless or willful FLSA violation). Here, Mr. Draudt's testimony regarding the scope of Mr. Paguaga's duties at Pinnacle lacks credibility as the evidence was that Mr. Paguaga had little or no input in the hiring or firing employees, did not set his own hours and did not manage the working condition other

8

employees. Thus, Defendants had little or no basis for a reasonable belief that Defendants' failure to pay Mr. Paguaga was not a violation of the FLSA.

Further, Defendants contend that, even though the jury disagreed, Mr. Draudt, based on his education and knowledge, had a good faith belief that Plaintiff was exempt.  Thus, Defendants, in essence contend that Mr. Paguaga's mistaken classification was done in good faith.  However, if this were sufficient to establish good faith, then any employer could avoid paying liquidated damages simply by claiming a genuine disagreement with the employee about whether the employee was entitled to or worked overtime. Defendants therefore also failed to satisfy the objective component of the good faith defense.

Finally, 29 U.S.C. § 260 provides that a district court "may, in its sound discretion, award no liquidated damages" "if the employer shows to the satisfaction of the court" that he acted in good faith. A decision to award liquidated damages rests in a court's sound discretion.  Thus, even if Defendants proved that they acted in good faith, this Court still has discretion to award liquidated damages. *Id.*  In this case, the Court need not exercise the discretion permitted under the statute as Defendants have not met their burden to prove their affirmative defense. See *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1163 (11th Cir. 2008) ("The employer bears the burden of establishing both the subjective and objective components of that good faith defense against liquidated damages."). Moreover, a liquidated damage award is generally mandatory where a FLSA violation is found, as is the case here. *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1282 (11th Cir. 2008).

Accordingly, the Court is satisfied that an award of liquidated damages in the amount of $3,318.75 is appropriate.

### III. Plaintiff's Motion for Entry of Judgment

Plaintiff requests entry of Final Judgment in conformity with the jury verdict for 354 hours of unpaid overtime wages and has submitted a proposed Final Judgment [DE 111].  Defendants object to

9

the entry of Final Judgment and contends that Plaintiff's proposed Final Judgment fails to accurately reflect the jury's verdict, including failing to reflect that Defendants prevailed on the retaliation count [DE 112].

Based on the foregoing, Plaintiff is entitled to entry of Final Judgment on Count I of his FLSA Complaint for Defendants' failure to pay overtime as required by the FLSA and is entitled to an equal amount of liquidated damages.  However, the judgment will also reflect that the jury found for the Defendants on the retaliation Count.  Thus, Plaintiff's Motion is granted, in part.   Final Judgment consistent with this ruling will be entered by way of a separate Order.

Accordingly, for the reasons set forth above, together with all the evidence adduced at trial, it is hereby ORDERED:

 1.  Defendant's Motion for Judgment Not Withstanding the Verdict and Motion for Remittitur is DENIED [DE 110];

2.  Plaintiff's Motion for Entry of Final Judgment in Accordance with the Jury Verdict and Reserving Ruling on Fees and Costs is GRANTED, in part [DE-111];

3.  Plaintiff's request for Liquidated Damages [DE 116] is GRANTED;

4.  Final Judgment in the amount of $6637.50 will be entered by separate Order.

**DONE and ORDERED** in Miami, Florida, this 2nd day of February, 2022.

_____
PATRICIA A. SEITZ
UNITED STATES SENIOR DISTRICT JUDGE

cc:      Counsel of record